UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

RONALD E. JOHNSON                    CIVIL ACTION NO. 3:10-cv-1237
    LA. DOC #195183
VS.                                  SECTION P

                                                            JUDGE ROBERT G. JAMES

MARK SHUMATE, ET AL.                 MAGISTRATE JUDGE KAREN L. HAYES

REPORT AND RECOMMENDATION

*Pro se* plaintiff Ronald E. Johnson, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on July 21, 2010. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections; he is incarcerated at the East Carroll Detention Center (ECDC), Lake Providence, Louisiana. Plaintiff complains that the defendants have refused to provide regular diagnostic tests and treatment for Hepatitis-C while he has been incarcerated at the River Bend Detention Center (RBDC) and the ECDC; he also complained that the defendants interfered with his right of access to the courts and refused to respond to his prison grievances.  In his original complaint, plaintiff sued East Carroll Sheriff Mark Shumate, ECDC Warden Ronnie Harris, Capt. Poche and Health Care Provicers, "Ms. Lena" and Cora Coleman; in an amended complaint filed on October 29, 2010, he also sued Warden James Shaw and Captain Knight at the RBDC.  Plaintiff seeks injunctive relief and compensatory and punitive damages.

        This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

## Background

### 1. Original Complaint [Doc. #1] and First Amended Complaint [Doc. #7]

Plaintiff was transferred to RBDC in August 2009. Approximately eight months later, on April 23, 2010, while plaintiff was incarcerated at the RBDC, he submitted a medical grievance to Warden James Shaw requesting treatment for Hepatitis-C. On May 3, 2010, Capt. Knight spoke to plaintiff and agreed to investigate the situation. Thereafter, on May 19, 2010, plaintiff was transferred to ECDC.

On May 22, 2010 he discussed his condition with the ECDC Medical Department. He was advised that they do not treat Hepatitis-C. On June 6, 2010 plaintiff discussed the matter with Capt. Poche; he agreed to investigate the matter further and to transfer plaintiff to a facility where he could obtain treatment. On June 16, 2010 plaintiff submitted a written request to Capt. Poche. On June 17, 2010, Poche advised plaintiff that since there is no cure for Hepatitis-C, he would not be transferred to another facility.

In July 2010 plaintiff began preparing the instant suit. According to plaintiff, "[p]rison officials named in this suit ... intentionally refused plaintiff ... notary services, photocopies, verification of inmate account balance..." Plaintiff filed grievances with regard to this circumstance but his grievances were ignored.

### 2. Amend Order and Amended Complaint [Docs. #8 and 10]

An initial review of plaintiff's complaint was completed and plaintiff was directed to amend his complaint to provide additional information on October 13, 2010.[1]  On October 29, 2010,

---

[1] Plaintiff was directed to provide: (1)  the name(s) of **each** person  who allegedly violated plaintiff's constitutional rights; (2)  a description of what actually occurred or what **each** defendant did to violate plaintiff's rights; (3)  the place and date(s) that **each** event occurred; and (4)  a description of the alleged **injury sustained** as a result of the alleged violation.  He was also ordered to answer the following questions: 1. When, where, and by whom were you diagnosed as having Hepatitis -C? If you were diagnosed prior to the date you were incarcerated, what treatment was recommended and what treatment was provided? 3. If you were diagnosed while incarcerated,

plaintiff submitted an amended complaint in response to the order. Therein he alleged, "... Ms. Lean [sic] and Cora Coleman failed to recommend that plaintiff receive treatment for his medical situation or that he be transferred to a facility where such medical treatment is available." He also alleged that defendants Shumate, Shaw, Knight, Harris and Poche "... all affirmatively participated in the denial of the medical treatment that plaintiff has alleged subjected him to cruel and unusual punishment ..." Plaintiff could not describe any injury sustained as a result of the defendants' action "... because he has not been provided with a status of his condition since being transferred from the Louisiana Department of Public Safety and Corrections to Riverbend Detention Center and East Carroll Detention Center..."

With regard to the specific questions posed, plaintiff claimed that he was diagnosed with Hepatitis-C while he was at the Elayn Hunt Correctional Center. He claimed that he was "... receiving blood tests that kept him informed of his condition and whether or not further medication was needed..." and, that he now wants blood testing every 3 to 6 months to determine the status of his disease and, he wants an unspecified medication to be administered. [Doc. #10]

### *Law and Analysis*

### *1. Screening*

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983 the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali*

---

what treatment was recommended and what treatment was provided? 4. Describe in detail the treatment you wish to receive and provide the name of the Health Care provider who ordered this treatment. Doc. #8]

*v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact.  *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if  it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits  alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but, they are given broad discretion in determining when such complaints are frivolous.  *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusive  allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

## 2. Medical Care

Plaintiff claims that he was denied diagnostic testing  and treatment for hepatitis-C during

his confinement at RBDC and ECDC from August 2009 to the present.  Medical care claims asserted by convicted prisoners, like plaintiff, are analyzed under the Eighth Amendment's prohibition of cruel and unusual punishment.  In order to prevail on such claims, convicts must establish that the refusal or delay in providing medical care was "sufficiently harmful to evidence deliberate indifference to serious medical needs."  *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

Deliberate indifference in this context means that: (1) the prison officials were aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the officials actually drew that inference; and (3) the officials' response indicated that they subjectively intended that harm occur.  *Thompson v. Upshur County, Texas*, 245 F.3d at 458-59.  "[T]he failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference."  *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001)(emphasis supplied). Moreover, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson*, 245 F.3d at 459 (emphasis supplied). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir.1997);  *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir.1999). The fact that a plaintiff disagrees with what medical care is appropriate does not state a claim of deliberate indifference to serious medical needs. *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997).

Plaintiff was specifically directed to describe the treatment that was originally recommended and the treatment he wanted to receive; further, and more importantly, he was directed to describe the injury sustained as a result of the defendants' failure to provide the diagnostics requested. Plaintiff did not describe the treatment he claims to need and, he did not describe any injury or harm

5

resulting from the acts or omissions of the defendants.  Thus, it cannot be concluded with any degree of certainty that plaintiff demonstrated any observable symptoms of Hepatitis-C, and it must also be assumed that he suffered no ill effects from the failure of the defendants to provide blood testing or treatment.  In other words, it does not appear from the pleadings that plaintiff presented a serious medical need that posed a substantial risk of harm during his incarceration at either of the allegedly offending facilities.

That being the case, plaintiff simply has not alleged facts sufficient to establish deliberate indifference in this context.  Plaintiff has not shown that the defendants were  aware of facts from which an inference of substantial risk of serious harm could be drawn.  Further, even if he had made such a showing,  he has failed to show that the defendants actually drew such an inference and that their response to plaintiff's complaints indicated that they subjectively intended that harm occur to the plaintiff.   In addition,  whether or not the defendants  "should have perceived" a risk of harm to plaintiff, but did not, is of no moment since, as noted above,   "...the failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference." *Domino*, 239 F.3d at 756 (5th Cir.2001).

In short, the facts alleged herein, taken as true for the purposes of this Report, do not establish that the defendants (or anyone else) were deliberately indifferent to a serious medical need. Plaintiff's claims are therefore frivolous and dismissal on that basis is recommended.


### 3. Access to Courts and Denial of Grievance Procedure

Plaintiff also maintains that the defendants interfered with his right of access to the Courts and, that they ignored his prisoner grievances.

The right to access the courts requires that inmates be allowed a reasonably adequate

opportunity to file non-frivolous lawsuit challenging their convictions and the conditions of their confinement. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir.1999).  Prison officials have considerable discretion in choosing the mechanism and forms of assistance they will furnish to prisoners for the purpose of allowing prisoners to file non-frivolous legal claims. *See  Lewis v. Casey*, 518 U.S. 343, 356, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) ("Of course, we leave it to prison officials to determine how best to ensure that inmates ... have a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement.")

Plaintiff complains that the defendants interfered with his ability to file the instant suit; nevertheless, in order to prevail on such a claim, plaintiff must demonstrate an actual injury stemming from defendants' allegedly  unconstitutional conduct. *Lewis v. Casey*, 518 U.S. 343, 351-54, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996).  To demonstrate "actual injury" in this context, a prisoner must show that his legal position has been prejudiced. *See Richardson v. McDonnell*, 841 F.2d 120, 122 (5th Cir.1988). He must allege and ultimately demonstrate that he was prevented from raising a meritorious legal issue. *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir.1998) (emphasis supplied).

Here, plaintiff alleged that the defendants refused notary services, photocopies, and verification of plaintiff's account balances with regard to his application to proceed *in forma pauperis.*  Plaintiff, however, has been permitted to proceed in forma pauperis, and has filed his original complaint and an amended complaint.  That being the case, plaintiff has not shown an actual injury stemming from defendants' allegedly unconstitutional conduct (*Lewis v. Casey*, 518 U.S. 343, 351-54, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996)); nor has he shown that his legal position has been prejudiced (*Richardson v. McDonnell*, 841 F.2d 120, 122 (5th Cir.1988)); nor has he demonstrated that he was prevented from raising a meritorious legal issue. (*Ruiz v. United States*, 160 F.3d 273,

275 (5th Cir.1998) (emphasis supplied)).

Plaintiff's access to courts complaint should be dismissed as frivolous.

Plaintiff also complained that his inmate grievances were not answered. In so doing, plaintiff raises another frivolous claim. The narrowing of prisoner due process protections announced in *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), left prisoners without a federally-protected right to have grievances investigated and resolved. Any right of that nature is grounded in state law or regulation and the mere failure of an official to follow state law or regulation, without more, does not violate constitutional *minima*. *See Taylor v. Cockrell*, 2004 WL 287339 at *1 (5th Cir. Feb.12, 2004) (not designated for publication) (holding that "claims that the defendants violated ... constitutional rights by failing to investigate ... grievances fall short of establishing a federal constitutional claim"); *Jones v. North Carolina Prisoners' Labor Union, Inc*., 433 U.S. 119, 138, 97 S.Ct. 2532, 53 L.Ed.2d 629 (Burger, C.J., concurring) (applauding the institution of grievance procedures by prisons but not suggesting that such procedures are constitutionally required); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir.1996) ("[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause."); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir.1994) ("[T]he constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir.1993) (quotation omitted) (holding that a prison grievance procedure is not a substantive right and "does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment"); and *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.1988) ("There is no legitimate claim of entitlement to a grievance procedure.").

Since plaintiff has no constitutionally protected right to a prison grievance procedure, his current claim does not allege a violation of the Constitution or laws of the United States and is

therefore frivolous.

## Conclusion and Recommendation

Accordingly,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted  pursuant to 28 U.S.C. §§1915 and 1915A.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14)  days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).**

In Chambers, Monroe, Louisiana, November 23, 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE