RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 2/11/11

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| RONALD JOHNSON<br>LA. Doc. No. 195183 | CIVIL ACTION NO. 10-1237<br>SECTION P |
| VERSUS | JUDGE ROBERT G. JAMES |
| MARK SHUMATE, ET AL. | MAG. JUDGE KAREN L. HAYES |

### RULING

Pending before the Court is a civil rights complaint filed, pursuant to 42 U.S.C. § 1983, by *pro se* Plaintiff Ronald E. Johnson, proceeding *in forma pauperis*. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections ("LDOC"). He is currently incarcerated at East Carroll Detention Center ("ECDC"), Lake Providence, Louisiana, but complains of actions by Defendants at River Bend Detention Center ("RBDC"), his previous place of confinement, as well as by Defendants at ECDC. In his original Complaint, filed on July 21, 2010, Plaintiff sued East Carroll Sheriff Mark Shumate, ECDC Warden Ronnie Harris, Capt. Poche, and Health Care Providers, "Ms. Lena" and Cora Coleman. In an Amended Complaint filed on October 29, 2010, he also sued Warden James Shaw and Captain Knight at the RBDC. Plaintiff seeks injunctive relief and compensatory and punitive damages. Plaintiff complains that Defendants have refused to provide regular diagnostic tests and treatment for Hepatitis-C while he has been incarcerated at RBDC and ECDC and that Defendants interfered with his right of access to the courts and refused to respond to his prison grievances.

On November 23, 2010, Magistrate Judge Karen L. Hayes issued a Report and Recommendation [Doc. No. 11], recommending that the Court dismiss Plaintiff's claims with

prejudice as frivolous and for failing to state a claim for which relief may be granted. On December 10, 2010, Plaintiff filed an Objection [Doc. No. 12] to the Report and Recommendation.

Having fully reviewed the record in this matter, including Plaintiff's Objection, the Court agrees with and ADOPTS the Magistrate Judge's analysis and recommendation on Plaintiff's access to courts claim, and this claim is DISMISSED WITH PREJUDICE. However, the Court will defer ruling on the Report and Recommendation regarding Plaintiff's claim regarding the lack of medical treatment for Hepatitis-C.

Prior to issuance of the Report and Recommendation, the Magistrate Judge reviewed Plaintiff's medical treatment claim and directed him to amend his Complaint to provide additional information by October 13, 2010, including: (1) the name(s) of each person who allegedly violated his constitutional rights; (2) a description of what actually occurred or what each defendant did to violate his rights; (3) the place and date(s) that each event occurred; and (4) a description of the alleged injury sustained as a result of the alleged violation. [Doc. No. 8, p. 2]. He was also ordered to answer the following questions:

1. When, where, and by whom were you diagnosed as having Hepatitis - C?

2. If you were diagnosed prior to the date you were incarcerated, what treatment was recommended and what treatment was provided?

3. If you were diagnosed while incarcerated, what treatment was recommended and what treatment was provided?

4. Describe in detail the treatment you wish to receive and provide the name of the Health Care provider who ordered this treatment.

[Doc. No. 8, p.3].

In response, on October 29, 2010, Plaintiff submitted an Amended Complaint alleging that

2

". . . Ms. Lean [sic] and Cora Coleman failed to recommend that plaintiff receive treatment for his medical situation or that he be transferred to a facility where such medical treatment is available." He also alleged that defendants Shumate, Shaw, Knight, Harris, and Poche ". . . all affirmatively participated in the denial of the medical treatment that plaintiff has alleged subjected him to cruel and unusual punishment . . . ." Plaintiff could not describe any injury sustained as a result of Defendants' actions or inaction "because he [had] not been provided with a status of his condition since being transferred from the Louisiana Department of Public Safety and Corrections to [RBDC] and [ECDC] . . ." [Doc. No. 7].

Plaintiff also answered the specific questions, explaining that he was diagnosed with Hepatitis - C while he was at Elayn Hunt Correctional Center. While there, he was "receiving blood tests that kept him informed of his condition and whether or not further medication was needed." He now wants blood testing every 3 to 6 months to determine the status of his disease and an unspecified medication to be administered. [Doc. No.10].

Based on these facts, the Magistrate Judge concluded:

> Plaintiff did not describe the treatment he claims to need and, he did not describe any injury or harm resulting from the acts or omissions of the defendants. Thus, it cannot be concluded with any degree of certainty that plaintiff demonstrated any observable symptoms of Hepatitis - C; and, it must also be assumed that he suffered no ill effects from the failure of the defendants to provide blood testing or treatment. In other words, it does not appear from the pleadings that plaintiff presented a serious medical need that posed a substantial risk of harm during his incarceration at either of the allegedly offending facilities.
>
> That being the case, plaintiff simply has not alleged facts sufficient to establish deliberate indifference in this context. Plaintiff has not shown that the defendants were aware of facts from which an inference of substantial risk of serious harm could be drawn. Further, even if he had made such a showing, he has failed to show that the defendants actually drew such an inference and that their response to plaintiff's complaints indicated that they subjectively intended that harm occur to

3

the plaintiff. In addition, whether or not the defendants "should have perceived" a risk of harm to plaintiff, but did not, is of no moment . . . .

[Doc. No. 11, pp. 5–6].

Plaintiff contends that his Objection [Doc. No. 12] should be "sustained allowing him to pursue discovery needed to prepare an effective legal conclusions [sic] to support his failure to disclose further detailed information ordered by Magistrate Judge Hayes. **The requested-ordered information through an amended complaint will destroy plaintiff's strategy.**" (Emphasis added). In the alternative, Plaintiff requests that if his objection is denied that he be given additional time to file a second amended complaint.

Plaintiff is not permitted to withhold information requested by the Court because of his "strategy." Indeed such strategy should result in the dismissal of his case at this point because his failure to provide the information requested leaves him without factual support for his claims. Nevertheless, in an abundance of caution, the Court will permit Plaintiff a final opportunity to amend his complaint a second time and provide **ALL the information** previously requested which is within Plaintiff's knowledge. Plaintiff has thirty (30) days to submit this information to the Court. The Court will then review the additional information to determine if Plaintiff's medical treatment claim survives initial review.

MONROE, LOUISIANA, this 11th day of February, 2011.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

4